AURAND, Admr., v. STRANAHAN.

Ohio Appeals, 6th Dist., Huron Co.

No. 246. Decided Oct. 15, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

COMMERCIAL PAPER.
(120 R2d) Officers of corporation, who sign note in official capacity, not individually liable.
Young & Young, Norwalk, for Aurand.
Parkhurst & Buckingham, Bellevue, for Stranahan.

HISTORY:—Action in Common Pleas by Aurand, as Administrator, against Stranahan and Darst, to recover on promissory note. Demurrer to petition sustained. Plaintiff prosecutes error. Judgement affirmed. Pending in Supreme Court.

STATEMENT OF FACTS.

In the action in the court of common pleas Clay D. Aurand, as administrator of the estate of Hiram C. Aurand, deceased, as plaintiff, sought to recover a judgment upon a promissory note against E. A. Stranahan and L. D. Darst as defendants.

The note reads as follows:
"Bellevue, Ohio, Sept. 14, 1921. $1313.12.
On demand days after date, for value received, we as principal debtors, promise to pay to the order of H. C. Aurand, Bellevue, Ohio, with interest at the rate of 7 percent per annum, payable semi-annually, at The First National Bank, Bellevue,

Ohio, Thirteen hundred thirteen and 12/100 Dollars.

And we hereby authorize any Attorney in any Court of Record, in the State of Ohio, or elsewhere, at any time after the above sum becomes due, to appear for us, or either of us, in any Court in said State of Ohio, or elsewhere, having jurisdiction of said sum, and confess judgment hereon against us, or either of us, in favor of said Payee or their Assigns, for said amount and cost of suit, and to release all errors in the entry and rendition of said judgment, all right and benefit of appeal, writs of error and stay of execution. Also pledge to above named Bank as security for the payment of this note, or any other indebtedness, the following—with authority to sell the same, on the non-performance of this promise in such manner as in its discretion may deem proper without notice, either at public or private sale, and to apply the proceeds thereon.

The Carballoy Prod. Co.,
L. D. Darst, P.
E. A. Stranahan, Sec."

The defendant Stranahan filed a demurrer to the petition, which was sustained. Plaintiff not desiring to plead further, the petition was dismissed and judgment for costs entered in favor of Stranahan.

LLOYD, J.

Plaintiff in error, the plaintiff below, claims that this note obligates not only The Carballoy Prod. Co., but also Stranahan and Darst individually, citing as authority therefor the case of Huron County Banking Company v. Oberlin Gas & Electric Co., 32 Cir. Dec., 390, decided April 26, 1911, by the Lorain County Circuit Court.

Section 8125, General Code, provides:

"When the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized. But the mere addition of words describing him as an agent, or as filling a representative character, without disclosing the principal, does not exempt him from personal liability."

It seems to us that the construction of the note in question is governed by this section of the General Code and that the form of the note and the manner of signing it clearly indicate that both Stranahan and Darst signed it as officers of The Carballoy Prod. Company and not otherwise.

Judgment of the court of common pleas is therefore affirmed.

(Richards and Williams, JJ., concur.)